**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

COUNTY
SAN B?

MAR 0 3 2014

BY _____
GLORIA M. GREGO, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KNIGHT TRANSPORTATION, INC., an Arizona Corporation; KNIGHT TRUCK AND TRAILER SALES, LLC., an Arizona Limited Liability Company; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PATRICK LACROSS, ROBERT LIRA, and MATTHEW LOFTON, on behalf of themselves and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN BERNARDINO COUNTY SUPERIOR COURT<br>303 West 3rd Street<br>San Bernardino, California 92415-0210 | CASE NUMBER: *(Número del Caso):*<br>CIVDS1402566 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BRENNAN S. KAHN, ESQ.     PERONA, LANGER, BECK, SERBIN, MENDOZA & HARRISON
300 East San Antonio Drive     (562) 426-6155
Long Beach, California 90807

DATE: MAR 0 3 2014     Clerk, by Gloria M. Greco, Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* KNIGHT TRANSPORTATION, INC., an Arizona Corporation
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]     ESSENTIAL FORMS     SUMMONS     Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

LaCross, Patrick

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

SUPERIOR COURT
COUNTY OF
SAN B...

MAR 0 3 2014

BY _____
GLORIA M. GRECO, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KNIGHT TRANSPORTATION, INC., an Arizona Corporation; KNIGHT
TRUCK AND TRAILER SALES, LLC., an Arizona Limited Liability
Company; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PATRICK LACROSS, ROBERT LIRA, and MATTHEW LOFTON, on behalf
of themselves and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN BERNARDINO COUNTY SUPERIOR COURT<br>303 West 3rd Street<br>San Bernardino, California 92415-0210 | **CASE NUMBER:** *(Número del Caso):*<br>CIVDS1402566 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BRENNAN S. KAHN, ESQ.     PERONA, LANGER, BECK, SERBIN, MENDOZA & HARRISON
300 East San Antonio Drive
Long Beach, California 90807     (562) 426-6155

| | | | |
|---|---|---|---|
| **DATE:** MAR 0 3 2014<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | Gloria M. Greco | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* KNIGHT TRANSPORTATION, INC., an Arizona Corporation
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

MartinDean's
ESSENTIAL FORMS

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Page 1 of 1

LaCross, Patrick

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| BRENNAN S. KAHN, ESQ. (SBN 259548)<br>PERONA, LANGER, BECK, SERBIN, MENDOZA & HARRISON, APC.<br>300 East San Antonio Drive<br>Long Beach, California 90807<br>TELEPHONE NO.: (562) 426-6155 FAX NO.: (562) 490-9823<br>ATTORNEY FOR (Name): Plaintiffs, LaCross, Lira, Lofton, et a | F I L E D<br>SUPERIOR COURT<br>COUNTY OF ... ... ...<br>SAN BER ... ... SION<br><br>MAR 0 3 2014<br><br>BY ... ...<br>DEBRA M. GREER, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN BERNARDINO**
STREET ADDRESS: **303 West 3rd Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Bernardino, California 92415-0210**
BRANCH NAME: **San Bernardino**

CASE NAME: **LaCross et al. v. Knight et al.**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **CIVDS1402566** |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
     issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
**3.** Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
**4.** Number of causes of action (specify): (8) Unpaid Wages, Meal Periods, Illegal Deductions, Etc.
**5.** This case [X] is   [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 28, 2014

Brennan S. Kahn, Esq.        ▶ _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]<br>Martin Dean's ESSENTIAL FORMS™ **CIVIL CASE COVER SHEET** Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

LaCross, Patrick

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice- Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

Martin Dean's ESSENTIAL FORMS™ **CIVIL CASE COVER SHEET**

LaCross, Patrick

1  James M. Trush, Esq. (#140088)
2  TRUSH LAW OFFICE, APC
   695 Town Center Drive, Suite 700
3  Costa Mesa, CA 92626-7187
   Phone: (714) 384-6390; Fax:(714) 384-6391
4  Email:    jtrush@earthlink.net
5
   Todd H. Harrison, Esq. (#230542)
6  Brennan S. Kahn, Esq. (#259548)
7  PERONA, LANGER, BECK, SERBIN,
   MENDOZA & HARRISON, APC.
8  300 East San Antonio Drive
   Long Beach, California 90807
9  Phone: (562) 426-6155; Fax: (562) 490-9823
10 Email:    toddharrison@plblaw.com

11
12 Attorneys for Plaintiff, PATRICK LACROSS, ROBERT LIRA and MATTHEW LOFTON on behalf of
   themselves and all others similarly situated
13
14          SUPERIOR COURT OF CALIFORNIA
15          FOR THE COUNTY OF SAN BERNARDINO

16 PATRICK LACROSS, ROBERT LIRA, )   CASE NO.   CIVDS1402566
17 and MATTHEW LOFTON, on behalf )    **CLASS ACTION**
   of themselves and all others similarly )  **COMPLAINT FOR:**
18 situated,                    )          1. **RECOVERY OF UNPAID WAGES;**
                                )          2. **FAILURE TO PROVIDE MEAL**
19          Plaintiffs,         )             **PERIODS;**
20                              )          3. **ILLEGAL DEDUCTIONS FROM**
   vs.                          )             **WAGES;**
21                              )          4. **FAILURE TO PROVIDE ACCURATE**
22 KNIGHT TRANSPORTATION, INC., )             **ITEMIZED WAGE STATEMENTS;**
   an Arizona Corporation; KNIGHT )        5. **FAILURE TO REIMBURSE BUSINESS**
23 TRUCK and TRAILER SALES, LLC, )            **EXPENSES;**
24 an Arizona Limited Liability Company; )  6. **FAILURE TO TIMELY PAY WAGES**
   and DOES 1 through 100, inclusive, )        **UPON SEPARATION;**
25                              )          7. **CIVIL PENALTIES UNDER LABOR**
26          Defendants.         )             **CODE PRIVATE ATTORNEYS**
                                )             **GENERAL ACT OF 2004, LABOR**
27                              )             **CODE 2698, ET. SEQ**
28                              )          8. **UNFAIR BUSINESS PRACTICES**
   _____ )   **DEMAND FOR JURY TRIAL**

                           i

_____
                 CLASS ACTION COMPLAINT

Plaintiffs PATRICK LACROSS, ROBERT LIRA and MATTHEW LOFTON, on behalf of themselves and all others similarly situated, (hereinafter referred to as "Plaintiffs"), hereby file this Complaint against Defendants KNIGHT TRANSPORTATION, INC., an Arizona corporation, KNIGHT TRUCK and TRAILER SALES, LLC, an Arizona limited liability company, and DOES 1 to 100 (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

## I.

## INTRODUCTION

1.     This is a civil action seeking recovery of unpaid wages and penalties for Defendants' violations of California Labor Code ("Labor Code") §1194, et seq., Labor Code §200, et seq., Labor Code §500, et seq., Labor Code section 2698, et. seq., California Business and Professions Code ("B&PC") §17200, et seq., Wage Order No. 9 issued by the California Industrial Welfare Commission (hereinafter collectively the "Wage Order") and related common law principles.

2.     At all relevant times alleged herein, Wage Order No. 9-2001 applicable to the transportation industry, applied to Plaintiffs and the members of the Classes herein.

3.     Plaintiffs' action seeks monetary damages, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent and unfair business practices.

4.     The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of this complaint, up to and through the entry of judgment in this matter (hereinafter, the "relevant time period").

## RELEVANT JOB TITLES

5.     The relevant job titles in this action are persons that worked for Defendants' as California-based Owner Operators and were classified by Defendants as independent contractors, during the relevant time period, ("Owner Operators" or the "Classes").

## SUMMARY OF CLAIMS

6.     With regard to the Owner Operators, Defendants have incorrectly and illegally classified them as independent contractors, rather than employees, and as a result have:

(a)     failed to pay overtime pay for all overtime hours worked;

2

(b)    failed to pay regular and/or minimum wages for all hours worked;

(c)    made illegal deductions from wages;

(d)    failed to provide meal periods;

(e)    failed to provide accurate itemized wage statements;

(f)    failed to reimburse for business expenses;

(g)    failed to timely pay wages upon separation from employment; and

(h)    conducted unfair business practices.

## II.

## THE PARTIES

### PLAINTIFF PATRICK LACROSS

7.    Plaintiff PATRICK LACROSS is now and/or at all times mentioned in this Complaint was an individual over the age of eighteen (18) and a resident of the State of California.

8.    During the relevant time period, Plaintiff PATRICK LACROSS regularly worked for Defendants as a California-based Owner Operator at Defendants' service center facility in Fontana, California, from approximately July 2011 through October 2011. Plaintiff PATRICK LACROSS was improperly classified as an independent contractor, rather than an employee, during the time period that he worked for Defendants as an Owner Operator.

### PLAINTIFF ROBERT LIRA

9.    Plaintiff ROBERT LIRA is now and/or at all times mentioned in this Complaint was an individual over the age of eighteen (18) and a resident of the State of California.

10.   During the relevant time period, Plaintiff ROBERT LIRA regularly worked for Defendants as a California-based Owner Operator at Defendants' service center facility in Fontana, California, from approximately January 2010 through January 2011. Plaintiff ROBERT LIRA was improperly classified as an independent contractor, rather than an employee, during the time period that he worked for Defendants as an Owner Operator.

### PLAINTIFF MATTHEW LOFTON

11.   Plaintiff MATTHEW LOFTON is now and/or at all times mentioned in this Complaint was an individual over the age of eighteen (18) and a resident of the State of California.

3

12. During the relevant time period, Plaintiff MATTHEW LOFTON regularly worked for Defendants as a California-based Owner Operator at Defendants' service center facility in Fontana, California, from approximately May 2011 through October 2013. Plaintiff MATTHEW LOFTON was improperly classified as an independent contractor, rather than an employee, during the time period that he worked for Defendants as an Owner Operator.

13. The obligations and responsibilities of Defendants' Company Driver position are virtually identical throughout Defendants' operation and employee to employee. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

14. Plaintiffs do not pursue any claims in this action against the Defendants for the time period they were classified as employees and worked as a Company Driver.

15. Defendants' Owner Operator positions do not involve work that falls within any overtime exemption in Labor Code §515 or the applicable Wage Order.

16. During the relevant time period, Plaintiffs and the other aggrieved employees were based out of California, and performed the duties of truck drivers. Defendants misclassified Plaintiffs and the other aggrieved employees as independent contractors and referred to them as Owner Operators. During the relevant time period, Defendants exercised control over the wages, hours and working conditions of Plaintiffs and the other aggrieved employees, such that Plaintiffs and the other aggrieved employees should have been classified as employees of Defendants. During the relevant time period, Defendants had the right to control the manner and means by which Plaintiffs and the other aggrieved employees accomplished the work, such that they should have been classified as employees of Defendants. The services Plaintiffs and the other aggrieved employees performed for Defendants were not in any way distinct from those services Defendants provided to customers. The work Plaintiffs and the other aggrieved employees performed is part of the regular business of Defendants.

17. Despite Defendants' characterization to the contrary, at all relevant times, Plaintiffs and the aggrieved employees have been employees of Defendants and, as such, have been entitled to the protections of the California Labor Code and the Wage Order.

///

4

18. At all relevant times, Defendants willfully misclassified Plaintiffs and the other aggrieved employees as independent contractors. At all relevant times, Defendants have engaged in a pattern and/or practice of doing so.

19. At all relevant times, Plaintiffs and the other aggrieved employees were willfully misclassified as independent contractors in violation of Labor Code §226.8(a)(1).

20. At all relevant times, Plaintiffs and the other aggrieved employees were willfully misclassified as independent contractors and were charged fees, and had deductions from their compensation for various purposes, including but not limited to, for goods, materials, services, government licenses, repairs, equipment maintenance, or fines arising from Plaintiffs and the other aggrieved employees' employment, in violation of Labor Code §226.8(a)(2).

21. Plaintiffs PATRICK LACROSS, ROBERT LIRA, and MATTHEW LOFTON seek unpaid wages, penalties and other unpaid compensation from Defendants during the relevant time period because Defendants improperly and illegally classified them as independent contractors, rather than employees and as a result have:

    (a)    failed to pay Plaintiffs overtime for all overtime hours worked;

    (b)    failed to pay Plaintiffs regular and/or minimum wages for all hours worked;

    (c)    made illegal deductions from the wages of Plaintiffs;

    (d)    deprived Plaintiffs of the requisite meal periods;

    (e)    failed to maintain adequate records for Plaintiffs pursuant to Labor Code §226(a);

    (f)    failed to reimburse Plaintiffs for business expenses; and

    (g)    failed to timely pay Plaintiffs all wages due upon separation of employment.

## DEFENDANT, KNIGHT TRANSPORTATION, INC.

22. Defendant KNIGHT TRANSPORTATION, INC. is now and/or at all times mentioned in this Complaint was an Arizona corporation licensed to do business and actually doing business in the State of California.

23. Defendant KNIGHT TRANSPORTATION, INC. is now and/or at all times mentioned in this Complaint was the owner and operator of an industry, business and/or facility in

5

numerous geographic locations within the State of California, including San Bernardino County. Defendant KNIGHT TRANSPORTATION, INC. provides truckload transportation services, which involves moving freight by truck for customers in California and other parts of the country.

24. Plaintiffs are informed and believe that Defendant KNIGHT TRANSPORTATION, INC. maintains and operates its service center facility in Fontana, California.

## DEFENDANT, KNIGHT TRUCK and TRAILER SALES, LLC

25. Defendant KNIGHT TRUCK and TRAILER SALES, LLC is now and/or at all times mentioned in this Complaint was an Arizona limited liability company licensed to do business and actually doing business in the State of California.

26. Defendant KNIGHT TRUCK and TRAILER SALES, LLC is now and/or at all times mentioned in this Complaint was the owner and operator of an industry, business and/or facility in numerous geographic locations within the State of California, including San Bernardino County. Defendant KNIGHT TRUCK and TRAILER SALES, LLC provides truck leasing, sales and related services, which involves customers in California and other parts of the country.

27. Plaintiffs are informed and believe that Defendant KNIGHT TRUCK and TRAILER SALES, LLC maintains and operates some or all of its business activities from a service center facility in Fontana, California.

## DOES 1 TO 100, INCLUSIVE

28. DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in the State of California.

29. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

30. Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

## ALL DEFENDANTS

31. At all times herein mentioned, Defendants were and are engaged in the business of truckload transportation services, which involves moving freight by truck for customers in various

6

parts of the United States, including the State of California.

32.     Defendants, and each of them, are now, and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

33.     Defendants proximately caused Plaintiffs, all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

34.     Defendants, and each of them, are now, and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

35.     Defendants, and each of them, are now, and/or at all times mentioned in this Complaint were members of, and/or engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

36.     Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

37.     Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

38.     Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

39.     At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy and practice of (1) misclassifying Plaintiffs and the other aggrieved employees as independent contractors and (2) violating their rights as employees

7

1  under the Labor Code and the Wage Order to minimize: wages for all hours worked, overtime wages for
2  overtime hours worked, reimbursement and indemnification for all necessary expenditures or losses
3  incurred in direct consequence of the discharge of their duties or their obedience to the directions of
4  Defendants, reimbursement for all tools and equipment required by Defendants or necessary to the
5  performance of the job, required rest and meal periods, timely final wages, and accurate and complete wage
6  statements.

### III.

### JURISDICTION AND VENUE

40.  The California Superior Court has jurisdiction in this matter due to Defendants'
violations of Labor Code §201, et seq., Labor Code §500, et seq., Labor Code section 2698, et. seq.,
Labor Code §1194, B&PC §17200, et seq., the Wage Orders and related common law principles.

41.  The San Bernardino County Superior Court is the proper venue in this matter pursuant
to CCP §395(a) and §395.5 as at least some of the transactions which are the subject matter of this
Complaint occurred in the County of San Bernardino and/or each Defendants either is found within,
maintains offices, transacts business, and/or has an agent or agents within the County of
San Bernardino.

### IV.

### CLASS ACTION ALLEGATIONS

42.  Plaintiffs bring this suit as a class action pursuant to CCP §382, on behalf of
individuals who are entitled to the monies unlawfully withheld by Defendants.

43.  The putative Classes that Plaintiffs will seek to certify are currently composed of and
defined as follows:

Class 1:  All persons that entered into an Independent Contractor Operating
Agreement and Tractor Lease Agreement with Defendants and worked
as a California-based Owner Operator and was classified as an
independent contractor, during the relevant time period ("Class 1"); and

Class 2:  All persons that worked for Defendants pursuant to the terms of an
independent contractor agreement as a California-based Owner Operator

8

and was classified as an independent contractor, during the relevant time period ("Class 2").

Class 3: All persons that worked for Defendants as a California-based Owner Operator and was classified as an independent contractor, during the relevant time period ("Class 3").

(hereinafter collectively referred to as the "Classes").

44. Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. In any event, Plaintiffs will formally define and designate a definition of the Classes at such time when Plaintiffs seeks to certify the Classes alleged herein.

45. Numerosity (CCP §382): The potential quantity of members of the Classes as defined is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this Classes action will benefit both the parties and this Court. The quantity of members of the Classes is unknown to Plaintiffs at this time, however, it is estimated that the Classes number greater than 100 individuals. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

46. Typicality: The claims of Plaintiffs are typical of the claims of all members of the Classes mentioned herein because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

47. Adequacy: Plaintiffs are adequate representatives of the Classes herein, will fairly protect the interests of the members of the Classes, have no interests antagonistic to the members of the Classes and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

48. Superiority (CCP §382): The nature of this action and the nature of laws available to Plaintiffs make use of the class action format particularly efficient and appropriate procedure to afford relief to plaintiffs for the wrongs alleged herein, as follows:

9

(a)     California has a public policy which encourages the use of the class action device;

(b)     By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

(c)     This case involves a small number of large corporate Defendants and a large number of individual class members with many relatively small claims and common issues of law and fact;

(d)     If each individual member of each of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

(e)     Requiring each individual member of each of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

(f)     Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

(g)     Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants; and which would establish

10

potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests;

(h) The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto; and

(i) Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions. The Supreme Court of California urges trial courts to be procedurally innovative in managing class actions, which have an obligation to consider the use of innovative procedural tools to certify a manageable class.

49. <u>Existence and Predominance of Common Questions of Fact and Law</u> (CCP §382): There are common questions of law and fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes including, without limitation, whether the classes were improperly and/or illegally classified as independent contractors, rather than employees, and as a result:

(a) Whether the members of the Classes were expected to and/or mandated to regularly work overtime;

(b) Whether Defendants failed to pay overtime compensation to members of the Classes based upon all hours worked in violation of the <u>Labor Code</u> and the <u>Wage Orders</u>;

(c) Whether Defendants failed to pay compensation and/or minimum wage to members of the Classes based upon all hours worked, in violation of the <u>Labor Code</u> and the <u>Wage Orders</u>;

///

11

(d)     Whether the manner in which Defendants paid the Classes was lawful;

(e)     Whether Defendants made illegal deductions from the wages of the members of the Classes in violation of the Labor Code and the Wage Orders;

(f)     Whether Defendants failed and continue to fail to provide meal periods to the members of the Classes in violation of the Wage Orders;

(g)     Whether Defendants failed to keep adequate records for the members of the Classes pursuant to Labor Code 226(a) (and the consequence for such statutory violations if Defendants did not);

(h)     Whether Defendants made illegal deductions from the wages of the members of the Classes;

(i)     Whether Defendants failed to reimburse members of the Classes for business expenses;

(j)     Whether the members of the Classes that are no longer employed by Defendants are entitled to penalties pursuant to Labor Code §203;

(k)     The correct statute of limitations for the claims of the members of the Classes;

(l)     Whether Defendants' conduct constitutes unfair competition within the meaning of B&PC §17200 and §17203;

(m)     Whether Defendants' conduct constitutes unfair business practices within the meaning of B&PC §17200 and §17203;

(n)     Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

(o)     Whether the members of the Classes are entitled to injunctive relief;

(p)     Whether the members of the Classes are entitled to restitution;

(q)     Whether Defendants are liable for punitive damages;

(r)     Whether Defendants are liable for pre-judgment interest; and

(s)     Whether Defendants are liable for attorneys' fees and costs.

50.     Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a Classes action. Collins v. Rocha (1972) 7

12

Cal.3d 232, 238.

# FIRST CAUSE OF ACTION
## RECOVERY OF UNPAID WAGES
### (Against All Defendants)

51.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

52.     Defendants improperly and/or illegally classified the Plaintiffs and the Classes as independent contractors, rather than employees and as a result, pursuant to the Wage Order, Defendants are required to pay the members of the Classes for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

53.     Labor Code §510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Labor Code §510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." Labor Code §510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

54.     Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission, or under conditions prohibited by the applicable Wage Orders, including but not limited to, failing to keep records of and failing to correctly report hours worked.

55.     Labor Code §1174 requires that every person employing labor in this state shall keep (1) a record showing the names and addresses of all employees employed and the ages of all minors; (2) at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at

13

the respective plants or establishments; (3) such records in accordance with rules established for this purpose by the commission, but in any case, on file for not less than three years. This statute also prevents an employer from prohibiting an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned. Defendants have willfully failed to keep the records required by §1174.

56. At all relevant times alleged herein, Wage Order No. 9-2001 applicable to the transportation industry, applied to Plaintiffs and the members of the Classes herein.

57. At all relevant times alleged herein, Wage Order No. 9-2001 provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

58. Plaintiffs and the members of the Classes do not satisfy any of the exemptions from the overtime requirements of the Labor Code, or the Wage Order.

59. Labor Code §204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work, including overtime.

60. Defendants failed to pay Plaintiffs and members of the Classes overtime and/or regular wages and/or minimum wages based upon all hours worked, based on Defendants' uniform policies and procedures.

61. Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

62. Defendants suffered and permitted the members of the Classes to work and required the members of the Classes to remain under Defendants' control without paying therefore, which resulted in the members of the Classes earning less than the legal minimum wage in the State of California.

63. Wage Order No. 9-2001 states: "(A) Every employer shall pay to each employee wages not less than seven dollars and fifty cents ($7.50) per hour for all hours worked, effective

14

January 1, 2007, and not less than eight dollars ($8.00) per hour for all hours worked, effective January 1, 2008, except: LEARNERS. Employees during their first 160 hours of employment in occupations, in which they have no previous similar or related experience, may be paid not less than 85 percent of the minimum wage rounded to the nearest nickel. (B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."

64.     During the relevant time period, Defendants required the members of the Classes to remain under Defendants' control without paying therefore, which resulted in the members of the Classes earning less than the legal minimum wage in the State of California for all hours worked.

65.     The pattern and practice and uniform administration of corporate policy regarding Defendants' failure to pay the legal minimum wage to the members of the Classes as described herein is unlawful and creates entitlement, pursuant to Labor Code §1194(a), to recovery by the members of the Classes in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed.

66.     Pursuant to Labor Code §1194.2(a) (which provides that in any action under Labor Code §1194, an employee shall be entitled to recover liquidated damages), the members of the Classes seek recovery of liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

67.     In violation of the Labor Code and the applicable Wage Order, Defendants, as a matter of established company policy and procedure, consistently:

      (a)     Administered a uniform company policy and practice regarding the duties and responsibilities of the members of the Classes;

      (b)     Had and/or have numerous manuals, letters, correspondence, policy handbooks and the like which taken together constitute, created or comprise, a written contract for employment with each of the members of the Classes;

      (c)     Required, were aware of, accepted, and expected that the members of the Classes work in excess of eight (8) hours per workday and/or in excess of forty

15

(40) hours per workweek without paying straight time or overtime compensation for such excess hours worked;

(d)    Failed to pay overtime and/or regular or minimum wages based on all hours worked by members of the Classes.

68.    Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §1194(a), to recovery by the members of the Classes, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, reasonable attorneys' fees, and costs of suit.

69.    Defendants' failure to pay compensation to the members of the Classes was the rule, and therefore a class action is the most efficient means of resolving the unpaid wage claims of the members of the Classes (see, e.g. *Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319.

70.    Pursuant to Labor Code §218.6 and §1194(a) and California Civil Code ("CC") §3287(b) and §3289, the members of the Classes seek recovery of pre-judgment interest on all amounts recovered herein.

71.    Pursuant to Labor Code §1194, the members of the Classes request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (Against All Defendants)

72.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

73.    Defendants improperly and/or illegally classified the Plaintiffs and the Classes as independent contractors, rather than employees, and as a result Defendants are required to provide Plaintiffs and the Classes with meal periods as provided by California law.

74.    Labor Code §226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare

16

Commission."

75.   Labor Code §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

76.   Labor Code §512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

77.   Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

78.   Section 11(C) of Wage Order No. 9-2001 provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to."

79.   Section 11(D) of Wage Order No. 9-2001 provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

80.   The members of the Classes consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

81.   The members of the Classes consistently worked over ten (10) hours per work period, and therefore, were entitled to a second meal period of not less than thirty (30) minutes.

17

82. The members of the Classes did not waive their meal periods, by mutual consent with Defendants or otherwise.

83. The members of the Classes did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

84. The Defendants implemented a uniform policy and procedure in which Plaintiffs and members of the Classes were not provided required meal periods.

85. Defendants failed to comply with the required meal periods established by Labor Code §226.7, Labor Code §512, Labor Code §516 and the applicable Wage Order.

86. Pursuant to Section 11 of Wage Order No. 9-2001, and Labor Code §226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Classes are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

87. Pursuant to Labor Code §1194(a), CC §3287(b) and CC §3289, the members of the Classes seek recovery of pre-judgment interest on all amounts recovered herein.

88. Pursuant to Labor Code §1194, the members of the Classes request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## THIRD CAUSE OF ACTION

## ILLEGAL DEDUCTIONS FROM WAGES

### (Against all Defendants)

89. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

90. Defendants improperly and/or illegally classified the Plaintiffs and the Classes as independent contractors, rather than employees, and as a result Defendants are required to comply with California law regarding deductions from wages.

///

18

91. <u>Labor Code</u> §204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

92. Pursuant to the <u>Labor Code</u> and <u>Wage Order No. 9-2001</u>, it is unlawful for an employer to suffer or permit employees to work without paying all wages for work performed for each pay period, including failing to keep records of and correctly reporting hours worked, wages earned, and rates of pay.

93. Pursuant to <u>Labor Code</u> §221, (entitled "Collection or receipt of wages previously paid"), "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

94. <u>Labor Code</u> §223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or contract."

95. Pursuant to <u>Civil Code</u> §§1670.5, 3275, 3369, and/or the covenant of good faith and fair dealing, it is illegal for an employer to require a forfeiture or penalty against an employee's wages.

96. At all times alleged herein, Defendants failed to pay all compensation due to Plaintiffs and members of the Classes; made unlawful deductions from compensation payable to Plaintiffs and members of the Classes; failed to disclose all aspects of the deductions from compensation payable to Plaintiffs and members of the Classes; and thereby failed to pay these employees all wages due at each applicable pay period or upon termination.

97. At all times alleged herein, Defendants made illegal deductions from the wages of Plaintiffs and the members of the Class.

98. Plaintiffs and members of the Classes seek recovery of all illegal deductions from wages according to proof, related penalties, interest, attorney fees and costs.

99. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, Defendants were advised by professionals, employees, and advisors knowledgeable about California labor and wage laws, employment contract laws, and human resources practices, and about the requirements of California law to accurately record, report, and pay all wages earned

by members of the Classes. Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, in order to decrease labor costs for Defendants.

100.     Thus, Plaintiffs are informed and believe and thereon allege that the conduct of Defendants described in this cause of action was malicious, oppressive and fraudulent, and intended by Defendants to cause injury to Plaintiffs, and to large numbers of its employees, as well as to its competitors, and Defendants' conduct was despicable, and was engaged in by Defendants with a willful and conscious disregard for the rights of Plaintiffs and members of the Classes, subjected Plaintiffs and members of the Classes to illegal work conditions (long work hours performing work activities without the required compensation) that did not protect their health, safety and welfare, and was cruel and unjust conduct which also constituted deceit and concealment of material facts known to Defendants with the intention to deprive Plaintiffs and the members of the Classes of property and legal rights and causing them injury. Such acts were done with authorization, ratification, and/or advance knowledge of the officers and/or directors of KNIGHT TRANSPORTATION, INC. Such acts justify the awarding of exemplary and punitive damages to the Plaintiffs and each member of the Classes in an amount according to proof.

101.     Pursuant to Labor Code §218.6 and §1194(a) and CC §3287(b) and §3289, the members of the Classes seek recovery of pre-judgment interest on all amounts recovered herein.

102.     Pursuant to Labor Code §1194(a), the members of the Classes request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Against All Defendants)

103.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

104.     Defendants improperly and/or illegally classified the Plaintiffs and the Classes as independent contractors, rather than employees, and as a result Defendants are required to comply with California law regarding itemized wage statements.

20

105. Labor Code §226(a) requires every employer, semimonthly or at the time of each payment of wages, to furnish each of its employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned and (6) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

106. As a pattern and practice, in violation of Labor Code §226, including but not limited to Labor Code §226(a), Defendants did not maintain accurate records pertaining to the members of the Classes, including, but not limited to, when they began and ended each work period, meal period, rest period, the total daily hours worked, the number of piece-rate units earned and the applicable piece rate, and the total hours worked per pay period and applicable rates of pay.

107. Plaintiffs and the members of the Classes were harmed by Defendants' failure to provide the required information. Defendants' failure to comply with Labor Code §226(a) hindered Plaintiffs and the Classes from determining the amount of wages, overtime, and other compensation actually owed to them, and damaged the members of the Classes in the amount of the unpaid wages, compensation, and overtime wages that were not reported by Defendants, as required.

108. Pursuant to Labor Code §226(e), the members of the Classes are entitled to penalties as follows:

      (a)    Fifty dollars ($50.00) per employee for the initial pay period in which a violation occurs; and

      (b)    One hundred dollars ($100.00) per employee for each violation in a subsequent pay period.

109. Pursuant to Labor Code §226(g), the members of the Classes are entitled to an award of costs and reasonable attorneys' fees.

///

///

# FIFTH CAUSE OF ACTION

## FAILURE TO FULLY COMPENSATE FOR BUSINESS EXPENSES

### (Against All Defendants)

110. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

111. Defendants improperly and/or illegally classified the Plaintiffs and the Classes as independent contractors, rather than employees, and as a result Defendants are required to comply with California law regarding reimbursement of business expenses.

112. Pursuant to Labor Code §2802, Defendants are required to reimburse Plaintiffs and the members of the Classes, for expenses incurred by them in the performance of their job

113. Pursuant to Labor Code §2800, an employer shall indemnify his employee for losses caused by the employer's want of ordinary care.

114. Pursuant to Wage Order No. 9-2001, when the employer requires the use of tools or equipment or they are necessary for the performance of a job, such tools and equipment shall be provided and maintained by the employer.

115. During the relevant time period, Plaintiffs and members of the Classes have been required to personally incur and pay for these expenses, including but not limited to, all costs and expenses of owning and/or leasing, repairing, maintaining and fueling the trucks and vehicles they drove, in the discharge of their employment duties, all without reimbursement from the Defendants. Defendants did not reimburse Plaintiffs or members of the Classes for the business expenses incurred as a condition of and in the discharge of their employment duties.

116. As a proximate result of the aforementioned violations, Plaintiffs and the members of the Classes have been damaged in an amount according to proof at the time of trial, but in an amount in excess of the minimum jurisdiction of this Court.

117. Pursuant to Labor Code §2802, Plaintiffs and the members of the Classes are entitled to recover from Defendants the full amount of the expenses they incurred in the course of their job duties, plus interest, reasonable attorneys' fees, and costs of suit.

/ / /

22

# SIXTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY WAGES UPON SEPARATION OF EMPLOYMENT

## (LABOR CODE §201, §202, §203)

### (Against All Defendants)

118. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

119. Defendants improperly and/or illegally classified the Plaintiffs and the Classes as independent contractors, rather than employees, and as a result Defendants are required to comply with California law regarding payment of wages upon separation of employment.

120. Labor Code §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than thirty (30) days.

121. Defendants had a consistent and uniform policy, practice and procedure of willfully failing to timely pay the earned and unpaid wages of Defendants' former employees, including, but not limited to, straight time, minimum wage, and overtime compensation due and owing to Plaintiffs and members of the Classes.

122. Certain members of the Classes are no longer employed by Defendants, because they were either discharged from or quit Defendants' employ.

123. Defendants willfully failed to pay the members of the Classes a sum certain at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

124. Defendants' willful failure to pay wages to the members of the Classes violates Labor Code §203 because Defendants knew wages were due to the members of the Classes, but Defendants failed to pay them.

125. Thus, the members of the Classes are entitled to penalties pursuant to Labor Code §203, in the amount of each Classes members' daily wage multiplied by thirty (30) days.

23

# SEVENTH CAUSE OF ACTION

## CIVIL PENALTIES UNDER LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR CODE SECTION 2698, ET. SEQ.

### (Against All Defendants)

126.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

127.    This action arises out of the allegedly unlawful labor practices of Defendants in California. Through this private attorneys general action, Plaintiffs represent themselves, and other aggrieved employees of Defendants that were based out of California, against whom Defendants have allegedly committed labor law violations, including, but not limited to, misclassification of truck drivers as independent contractors, rather than employees. As a result of the allegedly unlawful conduct described herein, Plaintiffs now seek to recover civil penalties, including the value of unpaid wages, attorneys' fees and costs, pursuant to the Labor Code Private Attorneys General Act of 2004, Labor Code §§ 2698, et seq.

128.    At all relevant times, Plaintiffs and the aggrieved employees have been entitled to the benefits and protections of the California Labor Code and the applicable Wage Order.

129.    Labor Code § 1198 makes it unlawful for an employer to employ an employee under conditions that violate the applicable Wage Order.

130.    Plaintiffs are informed and believe that, at all relevant times, Defendants have applied centrally devised policies and practices to them and the other aggrieved employees with respect to independent contractor and employee classification; wages, hours, and working conditions; and the right to control the manner and means by which Plaintiffs and the other aggrieved employees accomplished the work.

131.    Labor Code §226.8(a)(1) makes it unlawful for any person or employer to willfully misclassify an individual as an independent contractor. Labor Code §226.8(a)(2) makes it unlawful for any person or employer to charge an individual who has been willfully misclassified as an independent contractor a fee, or make any deductions from their compensation, for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment maintenance, or fines arising from the individual's employment when any of those acts would have violated the law if the individual had

24

not been misclassified.

132. Labor Code §2802(a) provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in the direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer. At all relevant times, Plaintiffs and the other aggrieved employees have incurred necessary expenditures in direct consequence of the discharge of their duties and/or their obedience to the directions of Defendants, including but not limited to, all costs and expenses of their truck, fuel, insurance, repairs, and other costs, expenses and charges paid by Plaintiffs and the other aggrieved employees.

133. Section 9 of the Wage Order provides that when tools or equipment are required by the employer or are necessary to the performance of the job, such tools and equipment shall be provided and maintained by the employer. At all relevant times, Plaintiffs and the other aggrieved employees paid for the cost of tools or equipment required by Defendants and/or which were necessary to the performance of their job, including but not limited to, all of the costs and expenses of their truck, fuel, insurance, repairs, and all other costs and expenses incurred by Plaintiffs and the other aggrieved employees for tools or equipment required by Defendants and/or necessary to the performance of their job.

134. At all relevant times, Plaintiffs and the aggrieved employees have been employees of Defendants entitled to the benefits and protections of California Labor Code § 226.

135. Pursuant to California Labor Code § 226(a), Plaintiffs and the other aggrieved employees were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: (a) gross wages earned; (b) net wages earned; (c) all applicable hourly rates in effect during the pay period; and (d) the corresponding number of hours worked at each hourly rate by the employee.

136. Defendants failed to provide Plaintiffs with accurate itemized statements in accordance with California Labor Code § 226(a) by providing Plaintiffs with wage statements with inaccurate entries for hours worked, corresponding rates of pay, and total wages earned as a result of the unlawful labor and payroll practices described herein.

137. Plaintiffs are informed and believe and thereon allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing aggrieved

25

employees with accurate itemized wage statements by providing them with wage statements with inaccurate entries for hours worked, corresponding rates of pay, total wages and deductions from wages earned as a result of the unlawful labor and payroll practices described herein.

138. Plaintiffs are informed and believe and thereon allege that Defendants' failure to provide them and the aggrieved employees with accurate written wage statements is knowing and intentional.

139. Plaintiffs are informed and believe and thereon allege that Defendants have the ability to provide them and the aggrieved employees with accurate wage statements but intentionally provide wage statements that they know are not accurate.

140. As a result of being provided with inaccurate wage statements by Defendants, Plaintiffs and the aggrieved employees have suffered an injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

141. At all relevant times, Plaintiffs and the other aggrieved employees should have been classified as non-exempt employees of Defendants, and were therefore entitled to the full meal and rest period protections of both the <u>Labor Code</u> and the applicable Wage Order.

142. Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten (10) minutes of net rest time for each four (4) hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

143. <u>Labor Code</u> § 226.7 and Section 12 the Wage Order prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an additional hour of premium wages on each workday that the employee is not provided with the required rest period.

144. At relevant times during the applicable limitations period, Defendants failed to provide

26

Plaintiffs with a net rest period of at least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order, as a result of duties and schedules that do not permit Plaintiffs to take all legally required rest breaks.

145. Plaintiffs are informed, believe and thereon allege that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing the other aggrieved employees with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order, as a result of duties and schedules that do not permit them to take all legally required rest breaks.

146. Labor Code § 512 and Section 11 of the Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty (30) minutes for each work period of five (5) or more hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty (30) minutes for each work period of more than ten (10) hours.

147. Labor Code § 226.7 and Section 11 the Wage Order prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an additional hour of premium wages on each workday that the employee is not provided with a required meal period.

148. At relevant times during the applicable limitations period, Defendants failed to provide Plaintiffs with an uninterrupted meal period of at least thirty (30) minutes on each day that he worked five (5) or more hours, as required by Labor Code § 512 and the Wage Order, as a result of duties and schedules that do not permit them to take all legally required meal periods. Plaintiffs are informed, believe and thereon allege that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing the other aggrieved employees with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the Wage Order, as a result of duties and schedules that do not permit them to take all legally required meal periods..

149. At relevant times during the applicable limitations period, Defendants failed to provide Plaintiffs with two uninterrupted meal periods of at least thirty (30) minutes on each day that he worked ten (10) or more hours, as required by Labor Code § 512 and the Wage Order, as a result of duties and schedules that do not permit them to take all legally required meal periods. Additionally, Defendants failed

27

to provide Plaintiffs with an uninterrupted meal period of at least thirty (30) minutes within five (5) hours of his first meal period, as a result of duties and schedules that do not permit them to take all legally required meal periods.

150.    Plaintiffs are informed and believe and thereon allege that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing the other aggrieved employees with two uninterrupted meal periods of at least thirty (30) minutes on each day that they worked ten (10) or more hours, as required by Labor Code § 512 and the Wage Order, as a result of duties and schedules that do not permit them to take all legally required meal periods. Additionally, Defendants maintained a policy or practice of not providing the other aggrieved employees with an uninterrupted meal period of at least thirty (30) minutes within five (5) hours of their first meal period, as a result of duties and schedules that do not permit them to take all legally required meal periods.

151.    Labor Code § 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

152.    Labor Code § 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

153.    Labor Code § 203 provides that the wages of an employee continue on a daily basis as a penalty for up to 30 days where an employer willfully fails to timely pay earned and unpaid wages to the employee in accordance with Labor Code § 201 or § 202.

154.    Plaintiffs are informed and believe that Defendants' failures to timely pay Plaintiffs and the aggrieved employees all of their earned and unpaid wages, including unpaid minimum wage and overtime, and unprovided rest and meal period premium wages, have been willful in that, at all relevant times, Defendants have deliberately maintained policies and practices that violate the requirements of the Labor Code and the Wage Order even though, at all relevant times, they have had the ability to comply with those legal requirements.

155.    Labor Code § 1174 requires that every person employing labor in this state shall keep (1) a record showing the names and addresses of all employees employed and the ages of all minors; (2) at a

28

central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments; (3) such records in accordance with rules established for this purpose by the commission, but in any case, on file for not less than three years. This statute also prevents an employer from prohibiting an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned. Defendants have willfully failed to keep the records required by § 1174.

156. California Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in California Labor Code § 2699.3.

157. Pursuant to California Labor Code §§ 2699(a) and (f), Plaintiffs and the other aggrieved employees of Defendants are entitled to, and seek to, recover civil penalties for Defendants' violations of California Labor Code §§ 200, 201, 202, 203, 226, 226.8, 226.7, 512, 1174, 1198, and 2802, during the applicable limitations period in the following amounts:

    (a)    For violations of California Labor Code §§ 200, 201, 202, 203, 226.7, and 2802, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code § 2699(f)(2));

    (b)    For violations of California Labor Code § 226, two hundred fifty dollars ($250.00) per employee for initial violation and one thousand dollars ($1,000.00) per employee for each subsequent violation (penalty amounts established by California Labor Code § 226.3);

    (c)    For violations of California Labor Code § 1174, five hundred dollars ($500) for each of Defendants' violations in addition to any other penalties or fines permitted by law (penalty amounts established by California Labor Code § 1174.5);

    (d)    For pattern and practice violations of California Labor Code § 226.8(a), Twenty-Five Thousand Dollars ($25,000.00) for each of Defendants' violations in addition to any

other penalties or fines permitted by law (penalty amounts established by California Labor Code § 226.8(c));

(e) For violations of California Labor Code §226.8(a), Fifteen Thousand Dollars ($15,000.00) for each Defendants' violations in addition to any other penalties or fines permitted by law (penalty amounts established by California Labor Code §226.8(c)); and

(f) For violations of California Labor Code §§ 510, 512, 551, 552, Wage Order 9-2001 Sections 9, 11, and 12, fifty dollars ($50.00) for each aggrieved employee for each initial violation for pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages and one hundred dollars ($100.00) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages (penalty amounts established by California Labor Code § 558).

158. Plaintiffs have complied with the procedures for bringing suit specified in California Labor Code § 2699.3. By letter dated October 9, 2013, Plaintiffs, on behalf of themselves and the other aggrieved employees, gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiffs anticipate that the LWDA will soon provide Plaintiffs with written notice that it does not intend to investigate the violations of the California Labor Code alleged herein. Thus far, the LWDA has not advised Plaintiffs it intends to take action on Plaintiffs' notice.

159. Pursuant to California Labor Code § 2699(g), Plaintiffs, on behalf of themselves and the other aggrieved employees, are entitled to an award of reasonable attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

### (Against All Defendants)

160. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

30

161.    During the relevant time period, Defendants have engaged in unlawful, deceptive and unfair business practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiffs, the members of the Classes, and members of the general public of the minimum working standards and conditions due to them under the California labor laws and Wage Order No. 9-2001 as specifically described herein.

162.    Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding and foregoing paragraphs, specifically, by requiring employees to perform the labor and services complained of herein without the proper compensation.

163.    Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

164.    Plaintiffs allege that if Defendants are not enjoined from the conduct set forth above, they will continue to:  (a) fail to pay overtime and regular or minimum wages to Class members based on all hours worked; (b) fail to pay compensation to Plaintiffs and the members of the Classes without illegal deductions from their pay; (c) fail to accurately report all hours worked and rates of pay as required by Labor Code §226(b); and (d) will continue to avoid paying the appropriate taxes, insurance, and unemployment withholdings.

165.    Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting the Defendants from engaging in the foregoing conduct.

166.    Plaintiffs also request that the Court order the Defendants to pay restitution to the Class members in the form of illegally retained earned overtime, regular, and minimum wages, and to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes, obtained by way of its violations of Business and Professions Code §1700, et. seq. and §17200 et. seq.

167.    Plaintiffs, on behalf of the general public, seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

///

31

168.    Plaintiffs, on behalf of the general public, seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

    a. That the Court issue an Order certifying the Classes herein, appointing the named Plaintiffs as representatives of all others similarly situated, and appointing the law firms representing the named Plaintiffs as counsel for the members of the Classes;

**As to the First Cause of Action for Unpaid Wages:**

    b. For compensatory damages in an amount according to proof representing the amount of unpaid compensation, including overtime compensation, unpaid regular wages, unpaid minimum wages;

    c. For damages, as set forth in Labor Code §1194(a) and the applicable Wage Order regarding wages due and owing, according to proof;

    d. For liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof), as authorized by Labor Code §1194.2(a);

    e. For pre-judgment interest as allowed by Labor Code §218.6 and §1194(a) and CC §3287(b) and §3289;

    f. For an award of reasonable attorneys' fees and costs pursuant to Labor Code §1194(a) and Code of Civil Procedure §1021.5;

**As to the Second Cause of Action for Failure to Provide Meal Periods:**

    g. For one (1) hour of pay at the employee's regular rate of compensation for each workday that a meal period was not provided;

    h. For interest as authorized by Labor Code §218.6 and §1194(a) and CC §3287(b) and §3289;

    i. For an award of reasonable attorneys' fees and costs pursuant to Labor Code §1194(a) and Code of Civil Procedure §1021.5;

/ / /

**As to the Third Cause of Action for Illegal Deductions From Wages:**

    j.  For compensatory damages and restitution of all money due to Plaintiffs and the members of the Classes;

    k.  For punitive and exemplary damages;

    l.  For prejudgment interest as allowed by Labor Code §218.6 and §1194(a) and CC §3287(b) and §3289 and Code of Civil Procedure §1021.5;

    m.  For an award of reasonable attorneys' fees and costs pursuant to Labor Code §1194(a);

**As to the Fourth Cause of Action for Failure to Provide Accurate Itemized Wage Statements:**

    n.  For penalties as authorized by Labor Code §226(e);

    o.  For injunctive relief and an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(g) and Code of Civil Procedure §1021.5;

**As to the Fifth Cause of Action for Failure to Fully Compensate For Business Expenses:**

    p.  For compensatory damages and restitution of all money due to Plaintiffs and the members of the Classes,

    q.  For interest, attorneys fees and costs pursuant to Labor Code §2802;

**As to the Sixth Cause of Action for Failure To Timely Pay Wages Upon Separation:**

    r.  For penalties as authorized by Labor Code §203;

    s.  For prejudgment interest as allowed by Labor Code §218.6 and §1194(a) and CC §3287(b) and §3289 and Code of Civil Procedure §1021.5;

**As to the Seventh Caue of Action for Civil Penalties under Labor Code Private Attorneys Genral Act of 2004, Labor Code Section 2698, et. seq.**

    t.  Civil penalties;

    u.  Other penalties and fines permitted by law;

    v.  Costs of suit;

    w.  Reasonable attorneys' fees; and

    x.  Such other relief as the Court deems just and proper.

**As to the Eighth Cause of Action for Unfair Business Practices:**

    y.  For an accounting, under administration of Plaintiffs and/or the receiver and subject to

33

Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

z.  For an Order requiring Defendants to identify each of the members of the Classes by name, home address, and home telephone number;

aa. For an Order requiring Defendants to make full restitution and payment pursuant to <u>Labor Code</u> §200, et seq., §500, et seq. and §1194;

bb. For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

cc. For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

dd. For all other appropriate declaratory and equitable relief;

ee. For interest to the extent permitted by law;

ff. For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to <u>CCP</u> §1021.5, <u>B&PC</u> §17200, et seq., <u>Labor Code</u> §1194 and any other applicable provision of law;

<u>As to All Causes of Action</u>:

gg. For such other and further relief as this Court may deem just and proper; and

hh. For reasonable attorneys' fees and costs incurred.

Dated: February 28, 2014

**TRUSH LAW OFFICE, APC
PERONA, LANGER, BECK, SERBIN,
MENDOZA & HARRISON, APC.**

BY: _____
Brennan S. Kahn, Esq.
James M. Trush, Esq.
Attorneys for Plaintiffs, PATRICK LACROSS,
ROBERT LIRA, MATTHEW LOFTON, on behalf of
themselves and all others similarly situated

34

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands trial of his claims by jury to the extent authorized by law.

Dated: February 28, 2014

TRUSH LAW OFFICE, APC
PERONA, LANGER, BECK, SERBIN,
MENDOZA & HARRISON, APC.

BY: _____
Brennan S. Kahn, Esq.
James M. Trush, Esq.
Attorneys for Plaintiffs, PATRICK LACROSS,
ROBERT LIRA, MATTHEW LOFTON, on behalf of
themselves and all others similarly situated

35

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

PATRICK LACROSS, ROBERT LIRA, and MATTHEW LOFTEN et al.

vs.

KNIGHT TRANSPORTATION, INC.; KNIGHT TRUCK AND TRAILER SALES,LLC. et al.

Case No. CIVDS1402566

CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the **San Bernardino** District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General     [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] 1 | Adoption | Petitioner resides within the district. |
| [ ] 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] 3 | Contract | Performance in the district is expressly provided for. |
| [ ] 4 | Equity | The cause of action arose within the district. |
| [ ] 5 | Eminent Domain | The property is located within the district. |
| [ ] 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 9 | Mandate | The defendant functions wholly within the district. |
| [ ] 10 | Name Change | The petitioner resides within the district. |
| [ ] 11 | Personal Injury | The injury occurred within the district. |
| [ ] 12 | Personal Property | The property is located within the district. |
| [ ] 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] 15 | Review | The defendant functions wholly within the district. |
| [ ] 16 | Title to Real Property | The property is located within the district. |
| [ ] 17 | Transferred Action | The lower court is located within the district. |
| [ ] 18 | Unlawful Detainer | The property is located within the district. |
| [ ] 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] 20 | Other Employment Class Action | The Defendant operates within the district |
| [ ] 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Knight Transportation        13225 Jurupa Avenue
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)     ADDRESS

Fontana       California        92337
(CITY)     (STATE)     (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

February 28, 2014      at Long Beach       , California

_____
SIGNATURE OF ATTORNEY/PARTY

LaCross, Patrick

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


SAN BERNARDINO CIVIL DIVISION
303 WEST THIRD STREET
SAN BERNARDINO, CA 92415-0210

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NO: CIVDS1402566

PERONA, LANGER, BECK, & SERBIN
300 E. SAN ANTONIO DRIVE
LONG BEACH CA 90807

NOTICE OF TRIAL SETTING CONFERENCE
and NOTICE OF CASE ASSIGNMENT

IN RE: (COMPLEX CASE)LACROSS-V-KNIGHT ET AL

THIS CASE HAS BEEN ASSIGNED TO: DONNA GUNNELL GARZA IN DEPARTMENT S38
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 303 West Third Street
San Bernardino, CA.

        HEARING DATE: 08/29/14 at 8:30 in Dept. S38


DATE: 03/03/14 Christina M. Volkers, Clerk of the Court
                                        By: GLORIA GRECO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 03/03/14
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 03/03/14 at San Bernardino, CA

                            BY: GLORIA GRECO



You Don't Have to Sue

Here Are Some Other Ways

To Resolve a Civil Dispute

Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- MEDIATION

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association,** or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

Superior Court of California
County of San Bernardino



# CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, Unlawful Detainer, Small Claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga, CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil & Family Law (except custody and support):*

**Inland Valleys Justice Center**
Program Director: Kym Adams, Executive Director
1710A Plum Ln
Redlands, CA 92374
TEL (909)798-7117
TOLL FREE (877) 832-9325
FAX (877) 839-1926
WEB www.ivjc.org
EMAIL info@ivjc.org

*11:15*
*3/19/14*
*Served*
*JMB*

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

SL
COUNTY
SAN B

MAR 0 3 2014

BY _____
GLORIA M. GREZO, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KNIGHT TRANSPORTATION, INC., an Arizona Corporation; KNIGHT
TRUCK AND TRAILER SALES, LLC., an Arizona Limited Liability
Company; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PATRICK LACROSS, ROBERT LIRA, and MATTHEW LOFTON, on behalf
of themselves and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SAN BERNARDINO COUNTY SUPERIOR COURT<br>303 West 3rd Street<br>San Bernardino, California  92415-0210 | CASE NUMBER: *(Número del Caso):*<br>CIVDS1402566 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
BRENNAN S. KAHN, ESQ.                PERONA, LANGER, BECK, SERBIN, MENDOZA & HARRISON
300 East San Antonio Drive           (562) 426-6155
Long Beach, California  90807

DATE: **MAR 0 3 2014**                    Clerk, by  **Gloria M. Greco**                    , Deputy
(Fecha)                                   (Secretario)                                      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

   KNIGHT TRUCK AND TRAILER SALES, LLC., an

3. ☒ on behalf of (specify): Arizona Limited Liability Company
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other (specify): Limited Liability Company
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

LaCross, Patrick

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
BRENNAN S. KAHN, ESQ. (SBN 259548)
PERONA, LANGER, BECK, SERBIN, MENDOZA & HARRISON, APC.
300 East San Antonio Drive
Long Beach, California 90807
TELEPHONE NO.: (562) 426-6155 FAX NO.: (562) 490-9823
ATTORNEY FOR *(Name):* Plaintiffs, LaCross, Lira, Lofton, et a

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS: 303 West 3rd Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, California 92415-0210
BRANCH NAME: San Bernardino

**CASE NAME:** LaCross et al. v. Knight et al.

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
MAR 0 3 2014
BY: _____
GLORIA M. GREGG, DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CIVDS1402566 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* (8) Unpaid Wages, Meal Periods, Illegal Deductions, Etc.
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 28, 2014

Brennan S. Kahn, Esq.
(TYPE OR PRINT NAME) ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

LaCross, Patrick

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice-
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach-Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case-Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ-Administrative Mandamus
Writ-Mandamus on Limited Court
Case Matter
Writ-Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal-Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

Martin Dean's
ESSENTIAL FORMS™

LaCross, Patrick

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

PATRICK LACROSS, ROBERT LIRA, and MATTHEW
LOFTEN et al.

vs.

KNIGHT TRANSPORTATION, INC.; KNIGHT TRUCK
AND TRAILER SALES,LLC. et al.

Case No. CIVDS1402566

CERTIFICATE OF ASSIGNMENT

---

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

---

The undersigned declares that the above-entitled matter is filed for proceedings in the  San Bernardino
District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General          ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1  Adoption | Petitioner resides within the district. |
| ☐ | 2  Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3  Contract | Performance in the district is expressly provided for. |
| ☐ | 4  Equity | The cause of action arose within the district. |
| ☐ | 5  Eminent Domain | The property is located within the district. |
| ☐ | 6  Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7  Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8  Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9  Mandate | The defendant functions wholly within the district. |
| ☐ | 10  Name Change | The petitioner resides within the district. |
| ☐ | 11  Personal Injury | The injury occurred within the district. |
| ☐ | 12  Personal Property | The property is located within the district. |
| ☐ | 13  Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14  Prohibition | The defendant functions wholly within the district. |
| ☐ | 15  Review | The defendant functions wholly within the district. |
| ☐ | 16  Title to Real Property | The property is located within the district. |
| ☐ | 17  Transferred Action | The lower court is located within the district. |
| ☐ | 18  Unlawful Detainer | The property is located within the district. |
| ☐ | 19  Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20  Other  Employment Class Action | The Defendant operates within the district |
| ☐ | 21  THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Knight Transportation                          13225 Jurupa Avenue
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)          ADDRESS

Fontana          California                                     92337
(CITY)             (STATE)                                      (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

February 28, 2014                at  Long Beach                          , California

SIGNATURE OF ATTORNEY/PARTY

LaCross, Patrick