**WO**                                   NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Patrick LaCross, *et al.*,                      No. CV-15-00990-PHX-JJT

          Plaintiffs,              **ORDER**

v.

Knight Transportation Incorporated, *et al.*,

          Defendants.

     At issue is Defendants' Motion to Compel Arbitration and Stay Action (Doc. 111, Mot.). In Plaintiffs' initial Response (Doc. 115), Plaintiffs asked the Court for leave to conduct limited discovery on the question of whether they were Defendants' employees, such that their claims fall under the Federal Arbitration Act (FAA) exemption for "contracts of employment of . . . any . . . class of workers engaged in foreign or interstate commerce," 9 U.S.C. § 1. The Court granted Plaintiffs' request and, at the end of the limited discovery period, Plaintiffs filed an Amended Response (Docs. 133 (redacted), 136 (unredacted), Resp.),[1] and Defendants filed a Reply (Doc. 138, Reply). The parties also filed supplemental briefs addressing the effect of *Morris v. Ernst & Young, LLP*, No. 13-16599, 2016 WL 4433080 (9th Cir. Aug. 22, 2016), on this matter. (Docs. 144, 145.) The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

---

    [1] Plaintiffs filed a portion of their Amended Response under seal. Because the Court did not refer to any confidential portion of Plaintiffs' filing in this Order, the Court will not file the Order under seal.

## I.      BACKGROUND

Plaintiffs Patrick LaCross, Robert Lira and Matthew Lofton, residents of California, entered into Independent Contractor Operating Agreements (ICOAs) with Defendant Knight Transportation Inc. ("Knight"), an Arizona-based truckload transportation service company, to work as truck drivers transporting goods for Knight. They also entered into Tractor Lease Agreements with Defendant Knight Truck and Trailer Sales, LLC ("Knight TTS"), an Arizona company, through which they leased trucks from Knight TTS and then to Knight.

On March 3, 2014, Plaintiffs brought a Complaint on behalf of a putative class of truck drivers in California state court, claiming that Defendants illegally classified them as independent contractors under the California Labor Code. (Doc. 1-3 at 5-39, Class Action Compl.) In April 2014, Defendants removed the action to the United States District Court for the Central District of California based on diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because, according to the Complaint and Defendants' calculations, Plaintiffs and Defendants are citizens of different states, the putative class size is more than 100 members, and the amount in controversy exceeds $5 million. (Doc. 1, Notice of Removal.) The District Court granted Plaintiffs' Motion to Remand, finding that Defendants had not met their burden to show the amount in controversy exceeded $5 million, but the Ninth Circuit Court of Appeals reversed that decision, concluding Defendants had met their burden and the District Court had jurisdiction over the matter. (Doc. 38.)

On May 28, 2015, District Judge Bernal granted Defendants' Motion to Transfer Case to the District of Arizona under 28 U.S.C. § 1406(a) based on the forum selection clause contained in the ICOAs and Lease Agreements. (Doc. 60.) In so ruling, Judge Bernal found that the forum selection clause is not unreasonable and that this lawsuit is one "relating to the relationship created by the [ICOAs]" as required by the ICOAs' forum selection clause. (Doc. 60.)

On January 22, 2016, Plaintiffs filed the First Amended Complaint (FAC), the operative pleading, before this Court on behalf of the putative class, raising 13 claims pursuant to California law. (Doc. 102, FAC.) Plaintiffs' claims consist of one claim for declaratory judgment under the California Code of Civil Procedure that Defendants illegally classified Plaintiffs as independent contractors and that the settlement agreements some putative class members entered into with Defendants are invalid (Count 1); ten claims under the California Labor Code related to Defendants' compensation of Plaintiffs (Counts 2-11); one claim for civil penalties under the Private Attorneys General Act (PAGA), part of the California Labor Code, for classifying Plaintiffs as independent contractors instead of employees (Count 12); and one claim of unfair business practices under the California Business and Professions Code (Count 13). (FAC ¶¶ 136-275.) On February 29, 2016, Defendants filed the present Motion to Compel Arbitration, and after a limited discovery period, Plaintiffs filed their Amended Response on July 18, 2016.

## II.   ANALYSIS

To resolve a motion to compel arbitration under the FAA, a district court must determine (1) whether the parties entered into a valid agreement to arbitrate, and (2) whether the arbitration agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). If the district court finds that both elements are met, the FAA requires the court to enforce the arbitration agreement. *Id.*

The ICOAs Plaintiffs entered into with Knight contain an Arbitration Agreement, which provides as follows:

> The parties agree that this Agreement is subject to the Federal Arbitration Act (9 U.S.C. § 1, *et seq.* and/or the Arizona Arbitration Act (the "Act")) for purposes of determining the validity and enforceability of this arbitration provision and the Act's preemption of any contrary provision of state law which might otherwise render the agreement unenforceable. The parties agree that the Act shall be applicable and expressly intend that all disputes or other matters arising under this Agreement (other than as expressly excepted herein) including any claims or disputes arising under or relating to any state or federal laws, [statutes] or regulations including

specifically 49 C.F.R. Part 376 shall be subject to arbitration, under the Act, without regard to any contrary law. . . . [I]f a dispute arises out of or related to this Agreement or the breach of this Agreement, the dispute shall be referred to arbitration in accordance with the National Rules for Resolution of Commercial Disputes (including Mediation and Arbitration Rules) of the American Arbitration Association ("AAA") ("Commercial Dispute Rules").

(Doc. 111-2, ICOA ¶ 28.)

## A. Delegation Provision

Among the many arguments raised by the parties for and against arbitration of Plaintiffs' claims, Defendants raise the threshold issue of whether the ICOAs' Arbitration Agreement contains a valid, enforceable delegation clause providing that any question as to the arbitrability of Plaintiffs' claims must be resolved by an arbitrator. (Mot. at 11-13; Reply at 14-16.) In a contract, the parties can agree to delegate to an arbitrator any question as to the enforceability of an arbitration agreement, and thus the question of arbitrability itself can be arbitrated. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) ("The delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement. We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.") As a matter of contract law, delegation of arbitrability to an arbitrator must be clear and unmistakable. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *AT&T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986); *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011).

Here, the Arbitration Agreement delegates any dispute that "arises out of" or is "related to" the ICOA to arbitration in accordance with the AAA's Commercial Dispute Rules. (ICOA ¶ 28.) In his Order interpreting the ICOAs' forum selection clause in this case, District Judge Bernal pointed out that "relating to" language has a broader reach than "arising out of" language. (Doc. 60 at 7.) With regard to the delegation clause, either language encompasses a dispute over the enforceability of the Arbitration Agreement,

- 4 -

which is contained in the ICOAs, and thus clearly and unmistakably delegates such a dispute to arbitration under the AAA's Rules.

Moreover, the Ninth Circuit has explicitly held that "incorporation of the AAA rules [in an arbitration agreement] constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). This is in part because the AAA rules include a provision that the "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the . . . validity of the arbitration agreement." *Id.* While *Brennan* addressed an agreement executed between "sophisticated" parties, the court stated that its holding "should not be interpreted to require that the contracting parties be sophisticated or that the contract be 'commercial' before a court may conclude that incorporation of the AAA rules constitutes 'clear and unmistakable' evidence of the parties' intent." *Id.*; *see also Zenelaj v. Handybook, Inc.*, 82 F. Supp. 3d 968, 974 (N.D. Cal. 2015) ("[R]egardless of their sophistication, the Court finds that the Parties in this case clearly and unmistakably delegated the question of arbitrability to the arbitrator when they expressly incorporated the AAA Rules into their Agreement."); *Cayenne Med., Inc. v. MedShape, Inc.*, No. 2:14-CV-0451-HRH, 2015 WL 5363717, at *4 (D. Ariz. Sept. 15, 2015).

Plaintiffs challenge the enforceability of the ICOAs' delegation clause on two grounds: (1) the Arbitration Agreement contains anti-delegation language, and (2) the delegation clause was not a clear and unmistakable agreement to arbitrate arbitrability. (Resp. at 15-16.) In support of their first argument, Plaintiffs cite a portion of the Arbitration Agreement that simply provides that the arbitrator shall apply Arizona or federal law except when determining the validity and enforceability of the Arbitration Agreement, which the FAA shall govern. (Resp. at 15-16.) No language in this provision opposes the delegation of arbitrability to the arbitrator.

Plaintiffs also contend that the Lease Agreement contains a "sweeping clause that requires all claims be brought exclusively in a judicial forum in Arizona," which

contradicts the specific language in the ICOA delegating disputes related to the ICOA to an arbitrator. (Resp. at 16.) The Court disagrees with Plaintiffs that a judicial forum clause in the Lease Agreement somehow abrogates the Arbitration Agreement in the ICOA, a separate agreement. Even if the Court were to consider the clauses together, as Plaintiffs urge, the "conflicts are artificial." *Mohamed v. Uber Techs., Inc.*, No. 15-16178, 2016 WL 4651409, at *4 (9th Cir. Sep. 7, 2016). As in *Mohamed*, the Arbitration Agreement here contains the condition "other than as expressly excepted herein," and the Agreement explicitly excludes claims for injunctive relief from arbitration. (ICOA ¶ 28.) The Arbitration Agreement thus does not contradict the judicial forum clause, which applies to claims not subject to arbitration. Furthermore, as the *Mohamed* court noted (applying California law), the parties may need to invoke a court's jurisdiction to resolve other disputes that may arise outside the context of even a broadly written arbitration agreement. 2016 WL 4651409, at *4.

Plaintiffs' second argument against enforcement of the delegation clause is that the determination of whether the parties clearly and unmistakably intended to arbitrate arbitrability must be made in light of Plaintiffs' lack of sophistication. (Resp. at 16.) As noted above, in *Brennan*, the Ninth Circuit made an effort not to limit its holding to cases in which the agreements were executed by sophisticated parties. And the delegation clause here, in addition to incorporating the AAA rules, explicitly provides that any dispute related to the ICOA, which includes the Arbitration Agreement, is subject to arbitration. The delegation provision was thus clear and unmistakable with regard to the intent of the parties—even if unsophisticated—to arbitrate the enforceability of the Arbitration Agreement. *See Zenelaj*, 82 F. Supp. 3d at 974; *Cayenne Med., Inc.*, 2015 WL 5363717, at *4.

## B.    Unconscionability

Plaintiffs did not raise any other arguments directed specifically at opposing enforcement of the ICOAs' delegation provision. Applying Plaintiffs' argument that the parties' agreement to arbitrate as a whole was procedurally and substantively

unconscionable to enforcement of the delegation provision, (Resp. at 18-19), the argument fails. With regard to procedural unconscionability, the evidence does not support a conclusion that Plaintiffs were unfairly surprised by the delegation provision. *See Maxwell v. Fidelity Fin. Servs.*, 907 P.2d 51, 57-58 (Ariz. 1995). Plaintiffs had an opportunity to review the Arbitration Agreement, which is set apart and labelled in bold print in its own section of the ICOA and contains an additional statement in bold print that the parties waive the right to object to arbitration under the Agreement. (ICOA ¶ 28.) This does not rise to the level of procedural unconscionablility. *See Duenas v. Life Care Ctrs. of Am., Inc.*, 336 P.3d 763, 768-69 (Ariz. 2014).

The grounds upon which Plaintiffs ask the Court to find substantive unconscionability of the Arbitration Agreement do not apply with sufficient force to the delegation provision. (*See* Resp. at 19.) To the extent that Plaintiffs request the Court's invalidation of the Arbitration Agreement through the effective vindication doctrine because the terms of arbitration—including limiting potential arbitrators to attorneys with ten years of experience in commercial law, requiring arbitration in Arizona, and fee splitting—operate to prevent them from pursuing their statutory remedies, (Resp. at 19), the Court does not find the terms of arbitration rise to the requisite oppressive level. *See Mohamed*, 2016 WL 4651409, at *7; *Duenas*, 336 P.3d at 769-70. Under the terms of the Arbitration Agreement, upon Plaintiffs' showing of "substantial hardship" to the arbitrator, Defendants must pay the arbitration fees. (ICOA ¶ 28.) The Court therefore declines to invalidate the delegation provision on unconscionability grounds.

**C.    Waiver**

Plaintiffs also argue that Defendants constructively waived their right to seek arbitration by engaging in litigation over the proper judicial forum for two years instead of moving to compel arbitration immediately upon Plaintiffs' filing of this lawsuit in California state court. (Resp. at 19-20.) "Waiver of a contractual right to arbitration is not favored," and a party seeking to demonstrate waiver must show "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and

(3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986).

Defendants were entitled to seek enforcement of the choice of forum provision agreed to by Plaintiffs in the ICOAs, and Defendants' procedural motion practice in doing so was not inconsistent with their right to seek arbitration. As for Plaintiffs' contention that they were prejudiced by having to commit "significant resources to litigating this case in the judicial forum," (Resp. at 20), in *Fisher*, a case cited by Plaintiffs, the Ninth Circuit noted that "[a]ny extra expense incurred as a result of [the plaintiffs'] deliberate choice of an improper forum, in contravention of their contract, cannot be charged to [the defendant]." *Id.* at 698. Plaintiffs have not met their burden to demonstrate that Defendants waived their right to seek arbitration.

**D.      Enforcement of Delegation Provision**

Though not briefed by the parties, upon a finding that the parties clearly and unmistakably intended to delegate the question of arbitrability to an arbitrator, courts examine whether the moving party's assertion of arbitrability is "wholly groundless." *See Zenalaj*, 82 F. Supp. 3d at 975 (citing *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1371 (Fed. Cir. 2006)). In doing so, a court may "prevent a party from 'asserting any claim, no matter how divorced from the parties' agreement, to force an arbitration.' " *Id.* (quoting *Qualcomm*, 466 F.3d at 1373 n.5).

Here, Defendants' assertion that Plaintiffs' claims in this lawsuit are at least related to the ICOAs is not wholly groundless. Indeed, District Judge Bernal already concluded that Plaintiffs' claims are related to the ICOAs in the context of interpreting the forum selection clause, noting that Plaintiffs allege "they were misclassified as a result of the relationship they created by signing the ICOA." (Doc. 60 at 7-8.) While it is not clear if Defendants will prevail in demonstrating that Plaintiffs' claims under the California Labor Code fall within the scope of the Arbitration Agreement, *see*, *e.g.*, *Narayan v. EGL, Inc.*, 616 F.3d 895, 899, 904 (9th Cir. 2010), Defendants' argument  is

not wholly groundless. The Court will thus enforce the delegation provision in the Arbitration Agreement.

Significant issues regarding the arbitrability of Plaintiffs' claims remain, as the parties have thoroughly briefed, including whether Plaintiffs are exempted under Section 1 of the FAA as either employees or parties to employment contracts, whether the Arbitration Agreement contains an invalid class-action waiver clause, whether Plaintiffs' claims fall within the scope of the Arbitration Agreement, and whether the Arbitration Agreement as a whole is unconscionable. But under Ninth Circuit precedent, the Court must give effect to the delegation provision and compel arbitration of the question of the arbitrability of Plaintiffs' claims, including resolution of these remaining issues. The arbitrator will have the power to determine the validity of the Arbitration Agreement as applied to Plaintiffs' claims pursuant to the AAA rules.

IT IS THEREFORE ORDERED granting Defendants' Motion to Compel Arbitration and Stay Action (Doc. 111) and compelling arbitration of the arbitrability of Plaintiffs' claims.

IT IS FURTHER ORDERED staying these proceedings pending a decision on arbitrability by the arbitrator. The parties shall file a joint status report within one week of the arbitrator's decision on arbitrability or by January 6, 2017, whichever is sooner.

Dated this 22nd day of September, 2016.

_____
Honorable John J. Tuchi
United States District Judge

- 9 -