**WO**                NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick LaCross, *et al.*, | No. CV-15-00990-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Knight Transportation Incorporated, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs' Motion for Reconsideration of this Court's September 22, 2016 Order (Doc. 149), in which Plaintiffs ask the Court to reconsider its ruling (Doc. 148) on Defendants' Motion to Compel Arbitration and Stay Action (Doc. 111).

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Here, Plaintiffs argue that the Court committed clear error when it did not decide whether Plaintiffs are exempt from arbitration under Section 1 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, which provides that the FAA does not apply to "contracts of employment" of any "workers engaged in foreign or interstate commerce." (Doc. 149 at 3.) Plaintiffs thus ask the Court to make that determination now. *See Van Dusen v. Swift Transp. Co. Inc.*, 654 F.3d 838, 843-44 (9th Cir. 2011) (stating that, before a district court enforces an

arbitration agreement between the parties and compels arbitration, it must "consider whether the agreement at issue is of the kind covered by the FAA").

Plaintiffs have the burden to show that the agreements they entered into are "contracts of employment" under Section 1 of the FAA. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001). The plain language of the Section 1 exemption provides that it applies to employment contracts of transportation workers, and the exemption is to be construed narrowly. *Id.* at 118; *see also In re Swift Transp. Co. Inc.*, 830 F.3d 913, 919-20 (9th Cir. 2016) (Ikuta, J. dissenting) (noting "the only issue before the district court is a legal one" and the term "contracts of employment" is not to be read expansively "to mean any contract between parties in an employment relationship"); *Terrebonne v. K-Sea Transp. Corp.*, 477 F.3d 271, 278-80 (5th Cir. 2007) (concluding that the Section 1 exemption applies to employment contracts, not any contracts made by parties in an employment relationship).

An employment contract is "an agreement setting forth 'terms and conditions' of employment." *Modzelewski v. Resolution Trust Corp.*, 14 F.3d 1374, 1376 (9th Cir. 1994). As one can surmise from the very title of the agreement between Plaintiffs and Defendant Knight Transportation Inc. ("Knight")—"Independent Contractor Operating Agreement" ("ICOA")—the agreement is not, on its face, a "contract of employment" as contemplated by Section 1 of the FAA. The ICOA expressly provides that each Plaintiff, as a "Contractor," agrees "to provide services as an independent Contractor and acknowledges that it is an independent Contractor," and that the ICOA does not create an "employer/employee," "master/servant," or "principal/agent" relationship. (Doc. 111-2, ICOA ¶ 1.) Plaintiffs do not point the Court to any specific provision of the ICOA that would indicate that it is an employment contract. The Court need not go beyond the plain, unambiguous characterization of the relationship between the parties in the ICOA to conclude that it was the intent of Plaintiffs to enter into an independent Contractor agreement with Knight, not an employment contract. *See Alvarado v. Pac. Motor Trucking Co.*, No. EDCV 14-0504-DOC(DTBx), 2014 WL 3888184, at *4-5 (C.D. Cal.

Aug. 7, 2014) (finding that the court did not need to go beyond the express characterization of the relationship between the parties in their agreement).

As Defendants point out (Doc. 138 at 10), the ICOA also contains all the terms required to create the presumption of an independent contractor relationship under Arizona law, A.R.S. § 23-1601(B). Specifically, in the ICOA, Plaintiffs agreed that (1) they will provide services as an independent Contractor (ICOA ¶ 1); (2) they will not be employees (ICOA ¶ 1); (3) they will handle tax liability and maintain any required registration, license or other authorization (ICOA ¶¶ 1, 2.1(j)); and (4) they will not be insured under workers' compensation (ICOA ¶ 1), may accept or decline requests for services (ICOA ¶ 2.2), may determine in which periods they work (ICOA ¶ 2.1(d)), will not be paid a regular salary (ICOA ¶ 10), will provide and maintain tools and equipment (ICOA ¶¶ 2.1(h), (j)), will be responsible for expenses (ICOA ¶ 2.1(j)), and that the same terms apply to the Contractor's employees, if any (ICOA ¶¶ 1, 5). *See* A.R.S. § 23-1601(B). Plaintiffs have not met their burden to demonstrate that the ICOAs are employment contracts under Section 1 of the FAA, and thus the Section 1 exemption does not apply to prevent enforcement of the Arbitration Agreement Plaintiffs entered into with Knight in the ICOAs.

The Court declines Plaintiffs' further invitation to decide whether certain provisions of the ICOAs are unlawful under the National Labor Relations Act. As the Court concluded in its prior Order (Doc. 148), Plaintiffs entered into a valid Arbitration Agreement with Knight that included a delegation provision, and the arbitrator will have the authority to determine the arbitrability of Plaintiffs' claims and resolve the claims that are properly subject to arbitration.

IT IS THEREFORE ORDERED denying Plaintiffs' Motion for Reconsideration of this Court's September 22, 2016 Order (Doc. 149).

Dated this 18th day of October, 2016.

Honorable John J. Tuchi
United States District Judge

- 3 -