**WO**  NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick LaCross, *et al.*, | No. CV-15-00990-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Knight Transportation Incorporated, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs' Motion to Certify This Court's September 22, 2016 (Doc. 148) and October 18, 2016 (Doc. 150) Orders Granting Knight's Motion to Compel Arbitration for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). (Doc. 151, Mot.) Defendants filed a Response in opposition (Doc. 152, Resp.), and Plaintiffs filed a Reply (Doc. 153, Reply).

Under 28 U.S.C. § 1292(b), if a district judge in making an order is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such an order." Here, the Court included no such statement in either of the Orders Plaintiffs challenge (Docs. 148, 150). Plaintiffs now move for the Court to make such a statement pertaining to those Orders as a step toward giving the Ninth Circuit Court of Appeals jurisdiction over Plaintiffs' appeal of those Orders. (Mot. at 1-2.)

Whether or not the Court's Orders (Docs. 148, 150) involve "a controlling question of law as to which there is substantial ground for difference of opinion"—the Court would find that they do not—the Court cannot conclude that an immediate appeal from its Orders will "materially advance the ultimate termination of the litigation" under § 1292(b). In the appeal scenario, if the Court of Appeals affirms the Court's Orders, the parties will be left in the same position as they were prior to the appeal and the arbitral process will have suffered a significant delay. If the Court of Appeals reverses this Court's Orders, the litigation will continue in this Court in a manner consistent with the Court of Appeals' decision. In either instance, the time for the Court of Appeals to resolve Plaintiffs' appeal—which is likely to be substantial—will have passed, and Plaintiffs will be no closer to the ultimate resolution of their claims in this lawsuit. As Defendants point out, "In the two years it could take Plaintiffs to appeal the decision, they could more quickly arbitrate their claims to a final judgment." (Resp. at 11.) Of course, the Court recognizes that if the Court of Appeals were to reverse its Orders in an interlocutory appeal, the parties would avoid litigating Plaintiffs' claims in arbitration. *See Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996) (in the context of addressing whether a district court's order involves a controlling question of law under § 1292(b), finding that the order may do so "if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter"). But, in this case, the Court cannot find that an immediate appeal of its Orders is sufficiently likely to materially advance the ultimate termination of this litigation, such that this Court's certification of the appeal is appropriate under § 1292(b).

The Court notes that Plaintiffs filed this case on March 3, 2014 (Doc. 1-3 at 5-39), nearly three years ago, and Plaintiffs' present characterization of the case as "in its infancy" thus appears disingenuous, particularly after arguing to the Court that they have been prejudiced by the amount of time and resources spent litigating this case to date. (*See* Doc. 115 at 20.) Disingenuous too is Plaintiffs' argument that their proposed appeal will materially advance the litigation by bringing them closer to settlement with

Defendants. Nothing precludes Plaintiffs from negotiating a settlement with Defendants now.

IT IS THEREFORE ORDERED denying Plaintiffs' Motion to Certify This Court's September 22, 2016 and October 18, 2016 Orders Granting Knight's Motion to Compel Arbitration for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. 151).

Dated this 26th day of January, 2017.

Honorable John J. Tuchi
United States District Judge