**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick LaCross, *et al.*, | No. CV-15-00990-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Knight Transportation Incorporated, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs and Class Representatives Robert Lira and Matthew Lofton's Notice of Election of Counsel and Related Matters (Doc. 350).

As the Court stated in its prior Order (Doc. 348), Marlin & Saltzman, LLP is class counsel in this matter. Upon the election of Plaintiffs Lira and Lofton to be represented by non-class counsel, Blackstone Law, APC (Doc. 350), the Court will terminate Lira and Lofton as class representatives in this matter. Federal Rule of Civil Procedure 23(a)(4) requires that the representative plaintiff and his counsel "will fairly and adequately protect the interests of the class," which includes the requirement that the class representative and his counsel have no conflicts of interest with other class members or their counsel. *See Anchem Prods. Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012). As such, the non-representative Plaintiffs, whether represented by non-class counsel Blackstone Law or any other counsel, may not file their own motion to amend the complaint or for summary judgment in this matter, as Blackstone Law improperly states it intends to do in its Notice. Only the

remaining class representative, Patrick LaCross, represented by class counsel Marlin & Saltzman, LLP, may file those motions on behalf of the class of Plaintiffs in this matter. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348-49 (2011) ("Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate.")

As for Blackstone Law's apparent concern that Marlin & Saltzman will not comply with the Arizona Rules of Professional Conduct in transferring the files related to the non-representative Plaintiffs Blackstone Law states it represents—Lira, Lofton, Patino Garcia, Carter, and Rosete—nothing in the Court's Order (Doc. 348) was intended to authorize such non-compliance. The Court stated that Marlin & Saltzman shall transfer the case files "only pertaining to the Plaintiffs [Blackstone Law] will represent" to indicate that, for example, files pertaining to the depositions of Plaintiffs Blackstone Law does not represent need not be transferred to Blackstone Law.

Finally, the Court set the date of transfer of the files to Blackstone Law independent of the deadline for filing a motion for summary judgment, because, as stated *supra*, Blackstone Law as non-class counsel may not file a motion for summary judgment on behalf of non-representative (or representative) Plaintiffs.

**IT IS THEREFORE ORDERED** directing the Clerk of Court to terminate Robert Lira and Matthew Lofton as representative Plaintiffs, and to terminate counsel Karen I. Gold as counsel for the remaining representative Plaintiff, Patrick LaCross, in this class action.

**IT IS FURTHER ORDERED** denying the request to amend the complaint filed by non-representative Plaintiffs Lira, Lofton, Patino Garcia, Carter, and Rosete (Doc. 350) and denying the other relief requested in these Plaintiffs' Notice (Doc. 350).

Dated this 12th day of February, 2024.

Honorable John J. Tuchi
United States District Judge