**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Yanez, *et al.*, | No. CV-15-00990-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Knight Transportation Incorporated, *et al.*, | |
| Defendants. | |

Five class members who are not class representatives in this matter—Robert Lira, Matthew Lofton, Alejandro Patino Garcia, Ernest Carter, and Guillermo Rosete (collectively, "Movants")—have filed a Motion to "Sever and Remand" their claims in this class action (Doc. 379), to which class counsel on behalf of the class representatives and remaining members of the certified class filed a Response in opposition (Doc. 383), Defendants also filed a Response in opposition (Doc. 384), and Movants filed a Reply (Doc. 388). The Court will resolve the Motion without oral argument. LRCiv 7.2(f).

Citing Federal Rule of Civil Procedure 21, Movants seek an Order severing their claims from the class claims, essentially arguing that their particular claims lack the commonality upon which the Court based class certification over two years ago (Doc. 230). Aside from claiming they "do not trust Class Counsel" and do not agree with the terms of the proposed settlement agreement (Doc. 379 at 5), Movants provide no substantive basis in the context of class certification distinguishing their claims from those of the other class members. The Court will therefore deny Movants' request for severance of their claims.

After Defendants as well as the class representatives and remaining members of the certified class (collectively, "Respondents") filed their Responses, Movants re-characterized their request as one to opt out of the pending settlement agreement. (Doc. 388 at 1.) But, as Respondents point out, Rule 23(c)(2) "provides for a single opportunity to request exclusion from a certified class following notice, and the Ninth Circuit has held it is inappropriate to permit exclusions from a class after determinations on the merits are made." (Doc. 384 at 1 (citing *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995)).) The Court made many determinations on the merits in its choice-of-law Order (Doc. 349.) Prior to that, Movants received notice of their right to request exclusion from the class and the time and manner in which to do so (Docs. 234–35), and the time to request exclusion has long passed.

The proposed settlement agreement contains no second opportunity for class members to opt out, and thus the Court has no basis to grant Movants' request to do so. Respondents point out that there is no requirement that a proposed settlement agreement provide class members with a second opportunity to opt out of the class. *Low v. Trump Univ., LLC*, 881 F.3d 1111, 1121–22 (9th Cir. 2018); *Officers for Justice v. Civil Serv. Comm'n of City and Cnty. of S.F.*, 688 F.2d 615, 634–35 (9th Cir. 1982) (noting that while some class action settlements allow for a second opportunity to opt out, "they are unusual"). In Reply, Movants point to Rule 23(e)(3), which states that the Court "may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so." That rule simply gives the Court discretion at the final settlement approval hearing on September 19, 2024 (Doc. 378). It does not mandate that a settlement provide class members a second opportunity to opt out, particularly where the Court has already addressed many of the merits of Plaintiffs' claims. *See Schwarzschild*, 69 F.3d at 295.

/

/

/

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS THEREFORE ORDERED** denying the Motion to Sever and Remand Plaintiffs Lira, Lofton, Patino-Garcia, Carter and Rosete's Claims Only (Doc. 379).

Dated this 16th day of August, 2024.

_____
Honorable John J. Tuchi
United States District Judge